IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:   3:08cr102/MCR
                 3:12cv350/MCR/EMT

JAMES JOHNSON

### REPORT AND RECOMMENDATION

Defendant has filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, including an "affidavit of truth" in support (doc. 138). Defendant failed to properly fill out the court-approved form for use in section 2255 cases in accordance with Local Rule 5.1(J) for the Northern District of Florida, which states that the court will not accept for consideration a motion pursuant to section 2255 unless the appropriate form is properly completed and filed.  However  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   Therefore, after a review of Defendant's submission and the record, it is the opinion of the undersigned that amendment would be futile because Defendant's motion is untimely and should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to two counts of bank robbery by force or violence and two counts of using, carrying or possessing a firearm during and in relation to a crime of violence[1] (docs. 97,

---

[1] The guilty plea proceeded after two separate psychiatric examiners concluded that Defendant was competent to proceed (*see* docs. 42, 43, 63, 88, 92, 94).

98). He was sentenced on March 17, 2010, to a total term of 572-months imprisonment, which consisted of 188 months as to the two bank robbery counts, an 84-month consecutive term on the first firearm count, and 300-months as to the second firearm count, to run consecutive to all other counts (docs. 107, 110). Counsel filed a notice of appeal even before the final judgment was entered (doc. 108), and Defendant filed a duplicate pro se notice of appeal (doc. 112).

Shortly thereafter, Defendant filed a letter/motion with the court requesting the appointment of new counsel after he learned that his current counsel, Clinton Couch, intended to file an Anders brief (doc. 118). His motion was granted (doc. 120), and the Office of the Federal Public Defender assigned Robert Augustus Harper to represent Defendant on appeal as substitute counsel. Mr. Harper in turn filed an Anders brief, along with a motion to withdraw (*see* doc. 137). The motion was granted, and on March 23, 2011, the Eleventh Circuit entered an opinion in which it stated that its "independent review of the entire record reveal[ed] that counsel's assessment of the relative merit of the appeal is correct" (doc. 137 at 4). The instant § 2255 motion was filed pursuant to the prison mailbox rule[2] on July 10, 2012 (doc. 138 at 13).

Defendant has failed to properly complete the § 2255 form describing his claim for relief. However, in the attachment to his motion he asserts that attorney Couch was constitutionally ineffective when he failed to raise the issue suggested by Defendant on direct appeal, that is, that the court did not have jurisdiction over his case because the United States Government did not have authorization and approval from the Department of Justice to initiate and continue federal prosecution for the bank robbery charges (doc. 138 at 17–18). He also claims in his supporting affidavit that his plea was unintelligent and involuntary due to misinformation supplied to him by Mr. Couch about the propriety of federal jurisdiction over his alleged offense conduct (*id.* at 14).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 3:08cr102/MCR; 3:12cv350/MCR/EMT

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Eleventh Circuit entered its opinion affirming Defendant's convictions and sentences on March 23, 2011 (doc. 137). Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (i.e., ninety days after the entry of the court of appeals' judgment).[3] Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Because Defendant's judgment of conviction became final on June 21, 2011, to have been timely filed, his § 2255 motion had to be filed no later than June 21, 2012. As noted above, his motion was not filed until July 10, 2012. Therefore, it is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226,

---

[3] The issuance of the mandate, on April 21, 2011 (*see* doc. 137), has no bearing on when the time expires for filing a petition for certiorari. Clay v. United States, 537 U.S. 522, 525 (2008).

Case Nos.: 3:08cr102/MCR; 3:12cv350/MCR/EMT

Jones, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)). Defendant claims here that he did not pursue collateral relief in a timely manner due to counsel having told him that he had no claim against the Government in his case. This clearly is not the sort of "extraordinary circumstance" that warrants equitable tolling; thus, Defendant's motion should be summarily denied as untimely.[4]

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 138) be summarily **DENIED and DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of July 2012.

---

[4] Without the need for significant discussion, the court also notes that even if his motion were not untimely, Defendant's challenge to this court's jurisdiction over all or any portion of his case is without merit.

Case Nos.: 3:08cr102/MCR; 3:12cv350/MCR/EMT

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**