IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 3:08cr102/MCR/EMT
 3:16cv609/MCR/EMT

JAMES JOHNSON

---

### REPORT AND RECOMMENDATION

This matter is before the court on Defendant's "Memorandum of Facts and Law in Support of Petition for Writ of Audita Querela" (ECF No. 191). In the introduction to his motion, Defendant indicates that he seeks an order vacating his sentence, which he alleges was imposed without jurisdiction (*id*. at 2). He also admits that he is using the writ of audita querela to circumvent the restrictions on filing a second or successive § 2255 motion. (*id*. at 3). Because such a writ may not be granted when relief is cognizable under § 2255, and because the relief requested is the same relief that typically is the subject of a § 2255 motion, the court will construe the motion as such. Rule 4(b) of the Rules Governing § 2255 proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court does not

have jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In November of 2009, Defendant James Johnson pleaded guilty to two counts of bank robbery by force or violence and two counts of using, carrying and possessing a firearm during and in relation to a crime of violence (ECF Nos. 97, 98). In March of 2010, Defendant was sentenced to a total term of 572-months imprisonment, which consisted of 188 months as to each of the two robbery counts to run concurrently, 84 months as to the first firearm count, and 300 months as to the second firearm count, to run consecutively to all other counts (ECF Nos. 110, 111). Defendant's convictions and sentences were affirmed on appeal (*see* ECF No. 137).

In July of 2012, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (ECF No. 138). Defendant's motion was summarily dismissed as untimely (ECF Nos. 139, 141, 142). Although this motion was not reviewed on the merits, for purposes of the successive-motion rules of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive." *See* Villanueva v. United States, 346 F.3d 55, 59–61 (2nd Cir. 2003)

(holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"); In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (dismissal of habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements).  In August of 2012, Defendant filed a second § 2255 motion, which the court dismissed as successive and untimely (*see* ECF Nos. 143, 144, 146, 147).  A certificate of appealability was denied by this court and the Eleventh Circuit Court of Appeals (ECF Nos. 146, 158).

Defendant filed the instant "Memorandum of Facts and Law in Support of Petition for Writ of Audita Querela" on October 17, 2016.  In his Memorandum Defendant argues that because the Government failed to establish the essential elements of the crime of armed bank robbery (*i.e*., it did not prove that the Central Credit Union of Florida was federally insured at the time it was robbed, and therefore it was not a "bank" within the meaning of 18 U.S.C. § 2113), the court lacked

jurisdiction to sentence him (ECF No. 191 at 2-3). Defendant has characterized his submission as a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651 in an attempt to circumvent the procedural limitation on second or successive motions after he was denied leave to file same (ECF No. 187).

Defendant's use of the writ of audita querela as a supplemental layer of post-conviction review is not unique. In United States v. Holt, 417 F.3d 1172 (11th Cir. 2005), the petitioner argued that a federal court may vacate either a criminal conviction or a sentence pursuant to a writ of audita querela if there is a legal objection that did not exist at the time judgment was entered, such as through a change in intervening law. Holt, 417 F.3d at 1174. The petitioner in Holt argued that the district court had exceeded its sentencing authority under Blakely v. Washington, 542 U.S. 296 (2004). Holt maintained that because he could not have raised his claim until the Supreme Court decided Appendi v. New Jersey, 530 U.S. 466 (2000), and relief was not available to him under § 2255 or § 2241, a writ of audita querela was his only viable avenue of relief. After a review of the history of the writ, the Eleventh Circuit held that a writ of audita querela may not be granted when relief is cognizable under § 2255. Holt, 417 F.3d at 1175. Cognizable, however, is not tantamount to "available." The appellate court went on to construe

Holt's motion as one made pursuant to § 2255. It noted, however, that Holt had not obtained an order authorizing the district court to consider his second and successive motion for § 2255 relief, and it affirmed the district court's denial of the motion. *Id*. The holding in Holt is dispositive in this case. A motion pursuant to 28 U.S.C. § 2255 is the proper avenue for relief for a collateral attack on Defendant's sentence. *See* United States v. Mayne, 419 F. App'x 953 (11th Cir. 2011) (affirming dismissal of a petition for writ of audita querela where claim was cognizable under § 2255, citing Holt); United States v. Arevalo, 368 F. App'x 957 (11th Cir. 2010) (same); United States v. Davis, 352 F. App'x 314 (11th Cir. 2009) (same).

Construed as a § 2255 motion, Defendant's motion must be dismissed. Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996). On September 7, 2016, the Eleventh Circuit denied Defendant's application to file a successive § 2255 motion finding that Defendant failed to make a *prima facie* showing that he met the criteria for filing a successive motion under 28 U.S.C. § 2255(h) (ECF No. 187). The Eleventh Circuit's denial addressed both the claim Defendant raises in the instant

Memorandum and a claim he raised under Johnson v. United States, 135 S. Ct. 2551 (2015).  Therefore, the instant Memorandum, construed as a motion for § 2255 relief, must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that

Case No.:  3:08cr102/MCR/EMT; 3:16cv609/LAC/EMT

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's "Memorandum of Facts and Law in Support of Petition for Writ of Audita Querela" (ECF No. 191), construed as a motion for § 2255 relief, be **SUMMARILY DISMISSED** as successive.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 16th day of November 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case No.:  3:08cr102/MCR/EMT; 3:16cv609/LAC/EMT