IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:  3:08cr102/MCR/EMT
              3:18cv02/MCR/EMT

JAMES JOHNSON

---

### REPORT AND RECOMMENDATION

This matter is before the court on Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and separate memorandum in support (ECF Nos. 209, 210).  Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

### BACKGROUND and ANALYSIS

In November of 2009, Defendant James Johnson pleaded guilty to two counts of bank robbery by force or violence and two counts of using, carrying, and possessing a firearm during and in relation to a crime of violence (ECF Nos. 97, 98).

In March of 2010, Defendant was sentenced to a total term of 572-months imprisonment, which consisted of 188 months as to each of the two robbery counts to run concurrently, 84 months as to the first firearm count, and 300 months as to the second firearm count, to run consecutively to all other counts (ECF Nos. 110, 111). Defendant's convictions and sentences were affirmed on appeal (*see* ECF No. 137).

In July of 2012, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (ECF No. 138). Defendant's motion was summarily dismissed as untimely (ECF Nos. 139, 141, 142). Although this motion was not reviewed on the merits, for purposes of the AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive."[1] *See Villanueva v. United States*, 346 F.3d 55, 59–61 (2d Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes"); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable

---

[1] However, the court noted in the order summarily dismissing this motion that even if the motion were not untimely, Defendant's challenge to the court's jurisdiction over all or any portion of his case was without merit (ECF No. 139 at 4 n.4).

Case Nos.: 3:08cr102/MCR/EMT; 3:18cv02/MCR/EMT

defect barring consideration of the petitioner's substantive claims"); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (dismissal of habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements). In August of 2012, Defendant filed a second § 2255 motion, which the court dismissed as successive and untimely (*see* ECF Nos. 143, 144, 146, 147). A certificate of appealability was denied by this court and the Eleventh Circuit Court of Appeals (ECF Nos. 146, 158). On October 17, 2016, Defendant filed a "Memorandum of Facts and Law in Support of Petition for Writ of Audita Querela" which this court construed as a § 2255 motion and dismissed as an unauthorized successive motion (ECF Nos. 191, 192, 198, 199). Defendant appealed this dismissal, and the Eleventh Circuit dismissed the appeal for failure to prosecute on November 14, 2017, after denying Defendant's motion to appeal in forma pauperis because he had not raised a non-frivolous argument for purposes of appeal (ECF Nos. 200, 206, 208).

On January 2, 2018, Defendant filed the instant § 2255 motion in which he seeks to have his sentence modified pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017) (holding that nothing in the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime restricts the authority of sentencing courts to consider a sentence

imposed under the mandatory minimum statute when calculating a just sentence for the predicate count). He also seeks to have his firearm convictions vacated pursuant to *Rosemond v. United States*, 134 S. Ct. 1240 (2014) (holding that in order to aid and abet the offense of using a firearm during a federal drug trafficking offense, the defendant must know beforehand that one of his confederates will carry a gun).[2] Defendant argues that *Dean* and *Rosemond* are "retroactively applicable Supreme Court decisions" which "question the validity of his convictions and sentence" (ECF No. 210 at 11). Defendant's assertion is without merit, however, because the Supreme Court has not held that these decisions are retroactively applicable to cases on collateral review.

Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996). Neither the *Dean* nor the *Rosemond* decision changes the rules which require authorization from the appropriate court of appeals to file a second or successive motion under § 2255.

---

[2] To the extent Defendant is arguing in his memorandum that he is entitled to relief from the 2012 Order dismissing his first § 2255 motion as untimely, ECF No. 141, under Federal Rule of Civil Procedure 60(b), his claim is without merit. Defendant has not alleged a proper ground for relief under Rule 60(b), and he has not filed this motion within a reasonable time as required by Rule 60(c)(1) (*see* ECF No. 210 at 8–11).

Case Nos.: 3:08cr102/MCR/EMT; 3:18cv02/MCR/EMT

Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

### CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 209) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of January 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:08cr102/MCR/EMT; 3:18cv02/MCR/EMT